IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHESTER GERARD FONTENOT, | § | |
| TDCJ #1095892, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2419 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM AND ORDER**

The petitioner, Chester Gerard Fontenot (TDCJ #1095892), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Fontenot has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. He has also included a memorandum of law with his petition. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.     **BACKGROUND**

According to the petition, Fontenot was charged with capital murder in Harris County cause number 883632. On April 8, 2002, Fontenot pleaded guilty to the lesser offense of murder. The 208th District Court of Harris County, Texas, sentenced Fontenot to life imprisonment. Fontenot did not file an appeal.

Fontenot now seeks a writ of habeas corpus under 28 U.S.C. § 2254, to challenge his 2002 conviction. In the petition, which is dated June 23, 2011, Fontenot raises the following grounds for relief: (1) he was denied effective assistance of counsel because his attorney did not file pre-trial motions, conduct an adequate investigation, or request a medical expert to determine the severity of Fontenot's depression; (2) he was not afforded *Miranda* warnings or other constitutional rights before he confessed; and (3) the trial court erred by admitting his confession into evidence. In his supporting memorandum, which is also dated June 23, 2011, Fontenot adds the following claims: (1) the evidence was factually insufficient to sustain the court's verdict; (2) the prosecutor improperly commented on Fontenot's prior convictions; and (3) the prosecutor "improperly argued matters outside of an unsupported record." The Court concludes, however, that the petition must be dismissed for reasons that follow.

## II. ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). The Supreme Court has recognized that "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in § 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179.

Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Fontenot challenges a state court judgment that was entered on April 8, 2002. The statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Supreme Court has recognized that a state conviction is "final" under the AEDPA when there is no further "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)). Although Fontenot did not pursue a direct appeal, his time to do so expired thirty days from the judgment on or about May 8, 2002. *See* TEX. R. APP. P. 26.2(a). That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on May 8, 2003. Fontenot's federal habeas corpus petition, executed by him on June 23, 2011, is untimely and is therefore barred from review unless an exception applies to toll the limitations period.

In some circumstances a federal habeas corpus petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which excludes from the limitations period the time during which a "properly filed" application for state habeas corpus or other collateral review is pending. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Fontenot discloses that he filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure on

3

September 30, 2010. The Texas Court of Criminal Appeals denied relief, without a written order, on February 23, 2011. *See Ex parte Fontenot*, No. 75,315-01. Because this state habeas proceeding was filed long after the limitations period had already expired, however, it has no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).[1]

A review of the pleadings reveals no other grounds for statutory tolling of the limitations period. Likewise, the chronology outlined in the pleadings reflects substantial delay on the petitioner's part in pursuing federal habeas corpus relief and there is no other apparent basis for equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 407-08 (5th Cir. 2001) The Court concludes, therefore, that the pending federal habeas corpus petition is barred by the applicable one-year limitations period.

### III.  ALTERNATIVELY, THE PETITION IS WITHOUT MERIT

Even if not barred by limitations, the Court concludes in the alternative that federal habeas corpus relief is unavailable because Fontenot's claims fail as a matter of law. According to Fontenot, the Texas Court of Criminal Appeals rejected his claims on state habeas corpus review. *See Ex parte Fontenot*, No. 75,315-01 (Tex. Crim. App. February 23,

---

[1] In his supporting memorandum, Fontenot asserts that his federal habeas petition is timely because he filed it within one year from the date that the Texas Court of Criminal Appeals denied his state habeas corpus petition on February 23, 2011. (Memorandum, at 3). Because the statute of limitations on federal review began to run from the date that his conviction became final, as prescribed by 28 U.S.C. § 2241(d)(1)(A), Fontenot is mistaken. *See Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009)

2011).  Assuming that his claims were adjudicated on the merits, Fontenot is not entitled to federal habeas corpus relief unless the state court's conclusion:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000).  Fontenot falls far short of meeting this standard because Fontenot makes no effort to demonstrate that the state court's decision was objectively unreasonable or incorrect.  The supporting memorandum relies upon citations that clearly do not apply and lacks sufficient detail.  Fontenot's conclusory allegations, unsupported by specific facts showing that he is entitled to relief, "do not raise a constitutional issue in a habeas proceeding."  *Ross v. Estelle*, 694 F.2d 1008, 1012 (citing *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982)).

Even under the liberal standard of review accorded to *pro se* litigants, Fontenot does not establish that he is entitled to federal habeas corpus relief on the merits of his claims. Importantly, Fontenot acknowledges that he pleaded guilty to the murder charges that were lodged against him.  None of the claims alleged in the petition or the supporting memorandum take issue with the validity of the guilty plea.  This is fatal to Fontenot's claims.

As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."

5

*Mabry v. Johnson*, 467 U.S. 504, 508 (1984); *see also Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000) (emphasizing that "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently"). A guilty plea may not be set aside merely because the defendant made what turned out, in retrospect, to be a poor deal. *See Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). Rather, a guilty plea may be challenged only on the grounds that it was made on the constitutionally defective advice of counsel or that the defendant could not have understood the terms of his plea bargain. *See id.* (citations omitted). This means that, by voluntarily pleading guilty to an offense, a criminal defendant waives all non-jurisdictional defects preceding the plea. *See United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). This includes those claims for ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (citations omitted); *see also United States v. Glinsey*, 200 F.3d 386, 392 (5th Cir. 2000).

  The claims that Fontenot presents in his pleadings do not undercut voluntariness or the validity of his guilty plea and he does not otherwise call into question his decision to forgo a trial. As a result, Fontenot has waived review of the claims asserted in his petition and supporting memorandum. Under these circumstances, Fontenot cannot show that the state habeas corpus court erred by denying relief or that he is entitled to relief under 28 U.S.C. § 2254. Because the claims raised by the petitioner are clearly without merit, the petition must be dismissed. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

**IV.     CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner. Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## V. CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on August 12th, 2011.

_____
Nancy F. Atlas
United States District Judge